1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DURRELL ANTHONY PUCKETT,                    No.  2:15-cv-0602 AC P

12                      Plaintiff,

13            v.                                 ORDER

14   S. SWEIS, et al.,

15                      Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff also

19   seeks issuance of a temporary restraining order.  ECF No. 4.  Plaintiff has consented to the

20   jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c)

21   and Local Rule 305(a).  ECF No. 5.

22      I.      Application to Proceed In Forma Pauperis

23          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24   1915(a).  ECF No. 12.  Accordingly, the request to proceed in forma pauperis will be granted.

25          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                            1

1 forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

2 of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3 These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

4 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

5 1915(b)(2).

6      II.       Statutory Screening of Prisoner Complaints

7      The court is required to screen complaints brought by prisoners seeking relief against a

8 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

10 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

12      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14 Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

15 meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

16 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

17 on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

18 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

19 has an arguable legal and factual basis.  Id.

20      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

21 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

22 what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

23 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24 However, in order to survive dismissal for failure to state a claim, a complaint must contain more

25 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

26 allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

27 omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

28 merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

1  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

2  ed. 2004)).

3       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

5  Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

6  content that allows the court to draw the reasonable inference that the defendant is liable for the

7  misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

8  under this standard, the court must accept as true the allegations of the complaint in question,

9  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

10  in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

11  McKeithen, 395 U.S. 411, 421 (1969).

12       III.    Complaint

13       In the complaint, plaintiff alleges that on August 22, 2014, defendant Sweis "slammed

14  [him] against the wall after punching [him] in the nose busting it plus [his] lip" and then pulled

15  him to the ground and continued hitting him.  ECF No. 1 at 3.  He further alleges that Sweis

16  indicated the assault was because plaintiff spat on him and that Sweis "grabbed [plaintiff's] butt

17  and grinded against [him]" and said that he was going to rape plaintiff.  Id.  Defendants Bivens

18  and Sadler, as well as several Doe defendants, allegedly witnessed the assault and failed to take

19  any action to stop Sweis or activate the alarm and denied him medical care after the assault.  Id. at

20  4.

21       Plaintiff also alleges that defendant Sweis admitted to him that he had searched and

22  ransacked plaintiff's cell on nine out of the ten days he worked between August 14 and August

23  26, 2014, because plaintiff had tried to file a complaint against Sweis, talked with Sweis's

24  supervisor, and because plaintiff is gay.  Id. at 3.  On August 16, 2014, Sweis allegedly pulled out

25  his penis in front of plaintiff and another inmate and told them that "he's going to sodomize

26  [them] because [they're] faggots."  Id.  Defendant Gomez allegedly witnessed Sweis's retaliatory

27  behavior and told plaintiff that because plaintiff is "a homosexual nigger and [has] a staff

28  ////

3

1   assaultive past" he was not going to do anything to stop defendant Sweis's harassment of

2   plaintiff.

3       IV.     Failure to State a Claim

4           A.      First Amendment – Retaliation by Defendant Gomez

5           A viable First Amendment claim for retaliation must establish the following five

6   elements: "(1) An assertion that a state actor took some adverse action against an inmate (2)

7   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

8   exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

9   correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

10          Plaintiff's allegation that defendant Gomez retaliated against him by ignoring his

11  complaints about Sweis and refusing to stop Sweis's harassment fails to state a claim.  Plaintiff

12  alleges that Gomez ignored him and failed to intervene because of plaintiff's race, sexuality, and

13  history of assaulting staff.  ECF No. 1 at 3.  None of these constitutes protected conduct and the

14  retaliation claim against Gomez will be dismissed.  However, because plaintiff may be able to

15  allege facts that would state a claim for relief, he will be given the option to amend the complaint.

16          B.      Verbal Harassment

17          To the extent plaintiff may be attempting to make a claim based on the allegation that

18  defendants Sweis and Gomez verbally harassed him or used derogatory or abusive language when

19  speaking to him, these allegations do not state a claim for relief.  "Verbal harassment or abuse . . .

20  is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v.

21  Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th

22  Cir. 1979)); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harassment

23  generally does not violate the Eighth Amendment"); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.

24  1987) (a "mere naked threat" from prison guards does not violate the Eighth Amendment); see

25  also DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal

26  harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected

27  liberty interest or deny a prisoner equal protection of the laws.") (citing Ivey v. Wilson, 832 F.2d

28  950, 955 (6th Cir. 1987) (Eighth Amendment); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.

1 | 1987) (due process); Williams v. Bramer, 180 F.3d 699, 705-06 (5th Cir. 1999) (equal

2 | protection)).

3 |      However, it appears that plaintiff may be attempting to allege that in addition to being

4 | retaliatory, the other harassment he suffered and defendant Gomez's refusal to intervene were due

5 | to his race and/or sexual orientation.  ECF No. 1 at 3.  "To state a claim for violation of the Equal

6 | Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to

7 | discriminate against him based upon his membership in a protected class."  Serrano v. Francis,

8 | 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

9 | 1998)).  Alternatively, he must show "that [he] has been intentionally treated differently from

10 | others similarly situated and that there is no rational basis for the difference in treatment."

11 | Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Because plaintiff may be able to

12 | make an equal protection claim, he will be given the option to amend the complaint.

13 |     V.    Claims for Which a Response Will Be Required

14 |     A.    Eighth Amendment

15 |     1. Excessive Use of Force

16 |     "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places

17 | restraints on prison officials, who may not . . . use excessive physical force against prisoners."

18 | Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).

19 | "[W]henever prison officials stand accused of using excessive physical force in violation of the

20 | [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith

21 | effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson,

22 | 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

23 |      Plaintiff's claim that defendant Sweis assaulted him on August 22, 2014, because plaintiff

24 | spit on him is sufficient to state a claim for excessive use of force and defendant Sweis will be

25 | required to respond to the allegation.

26 |     2. Failure to Protect

27 |     "The Constitution does not mandate comfortable prisons, but neither does it permit

28 | inhumane ones."  Farmer, 511 U.S. at 832 (internal quotation marks and citation omitted).  "[A]

1  prison official violates the Eighth Amendment only when two requirements are met.  First, the

2  deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission

3  must result in the denial of the minimal civilized measure of life's necessities."  Id. at 834

4  (internal quotation marks and citations omitted).  Second, the prison official must subjectively

5  have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or

6  safety."  Id. (internal quotation marks and citations omitted).  The official is not liable under the

7  Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or

8  safety; the official must both be aware of facts from which the inference could be drawn that a

9  substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Then he

10  must fail to take reasonable measures to abate the substantial risk of serious harm.  Id. at 847.

11  Mere negligent failure to protect an inmate from harm is not actionable under § 1983.  Id. at 835.

12       Plaintiff alleges that defendants Bivens and Sadler, as well as four John Doe defendants,

13  witnessed Sweis assaulting him on August 22, 2014, but failed to take any steps to intervene and

14  denied him medical care after.  ECF No. 1 at 4.  Plaintiff's allegations are sufficient to state a

15  claim and defendants will be required to respond.

16       Due to the impossibility of serving unknown individuals, the court will not order service

17  on the Doe defendants until plaintiff has identified them and filed a motion to substitute named

18  defendants for the Doe defendants.  Plaintiff should seek to discover the identity of the Doe

19  defendants and move to substitute them into the case as soon as is possible.  Failure to identify the

20  Doe defendants and serve them prior to the close of discovery will result in a recommendation

21  that the claims against the Doe defendants be dismissed.

22       B.    First Amendment – Retaliation

23       "Prisoners have a First Amendment right to file grievances against prison officials and to

24  be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

25  (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Allegations of retaliation against

26  a prisoner's First Amendment rights to speech or to petition the government may support a

27  section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); Pratt v. Rowland,

28  65 F.3d 802, 806 (9th Cir. 1995).

6

A viable "'retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights.'"  Brodheim, 584 F.3d at 1269-70 (quoting Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001)).

> [A] plaintiff does not have to show that "his speech was actually inhibited or suppressed," but rather that the adverse action at issue "would chill *or* silence a person of ordinary firmness from future First Amendment activities."  To hold otherwise "would be unjust" as it would "allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity."

Id. at 1271 (emphasis in original) (internal citation omitted) (quoting Rhodes, 408 F.3d at 568-69).  "[T]he mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect."  Id. at 1270 (emphasis in original).  However, at the pleading stage, "allegations of harm [are] sufficient to ground a First Amendment retaliation claim without discussing whether that harm had a chilling effect."  Wilson v. Nesbeth, 341 F. App'x 291, 293 (9th Cir. 2009) (citing Pratt, 65 F.3d at 807-08; Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989); Rhodes, 408 F.3d at 567-68 n.11).

"Random searches of inmates, individually or collectively, and their cells and lockers are valid and necessary to ensure the security of the institution and the safety of inmates and all others within its boundaries."  Hudson v. Palmer, 468 U.S. 517, 529 (1984).  However, cell searches may violate a prisoner's rights under the First Amendment if they are conducted for retaliatory purposes rather than to further legitimate penological needs.  Packnett v. Wingo, 471 F. App'x 577, 578 (9th Cir. 2012) (district court's dismissal of prisoner's retaliation claim improper because he alleged his First Amendment rights were chilled when defendants searched his cell and seized his property in retaliation for filing grievances); McMillan v. Ringler, No. 2:13-cv-00578 MCE KJN P, 2014 WL 7335318 at *8, 2014 U.S. Dist. LEXIS 175695 at *20-21 (E.D. Cal. Dec. 19, 2014) (adopted in full Feb. 12, 2015[1]) ("[T]o find (as defendants urge) that [prison] searches can under no set of circumstances be undertaken for a retaliatory motive would

---

[1]  2015 WL 640716, 2015 U.S. Dist. LEXIS 18247.

1   be to give correctional staff intent on retaliation a way to do so without facing any

2   consequences.").

3      Plaintiff alleges that defendant Sweis searched and ransacked his cell on nine separate

4   occasions between August 14 and August 26, 2014, in retaliation for trying to file a complaint

5   against Sweis and complaining to Sweis's supervisor.  ECF No. 1 at 3.  This is sufficient to state a

6   claim for retaliation under the First Amendment and defendant Sweis will be required to respond

7   to the retaliation claim.

8      VI.   <u>Leave to Amend</u>

9      For the reasons set forth above, the court finds that the complaint does not state

10  cognizable claims against defendant Gomez for retaliation or against defendants Sweis and

11  Gomez based on verbal harassment.  However, it appears that plaintiff may be able to allege facts

12  sufficient to state a claim, and he will be given the opportunity to amend the complaint if he

13  desires.

14     Plaintiff may proceed forthwith to serve defendants Sweis, Bivens, and Sadler on his First

15  and Eighth Amendment claims, as set forth above, or he may delay serving any defendant and

16  amend the complaint to attempt to state a cognizable First Amendment claim against Gomez and

17  a Fourteenth Amendment equal protection claim against Sweis and Gomez.  He is not required to

18  amend the complaint.

19     Plaintiff will be required to complete and return the attached notice advising the court how

20  he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

21  file an amended complaint.  If plaintiff elects to proceed against defendants on his First and

22  Eighth Amendment claims without amending the complaint, the court will send him the necessary

23  forms for service of the complaint and the retaliation claim against Gomez and any potential

24  equal protection claim against Gomez and Sweis will remain dismissed without prejudice.

25     If plaintiff chooses to file a first amended complaint, he must demonstrate how the

26  conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo</u>

27  <u>v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

28  each named defendant is involved.  <u>Arnold v. International Bus. Machs. Corp.</u>, 637 F.2d 1350,

8

1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some

affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.;

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory

allegations of official participation in civil rights violations are not sufficient."  Ivey v. Board of

Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading.  This is because, as a general rule, an

amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

1967), overruled in part by Lacey v. Maricopa Cnty., 693 F.3d 896, 929 (9th Cir. 2012) (claims

dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the

original pleading no longer serves any function in the case.  Therefore, in a first amended

complaint, as in an original complaint, each claim and the involvement of each defendant must be

sufficiently alleged.

VII.    Motion for Temporary Restraining Order

Plaintiff has filed a motion for transfer to another institution or for a temporary restraining

order.  ECF No. 4.  The request for transfer is essentially a request for injunctive relief and will be

addressed as such.

A.       Standards for Issuance of a Temporary Restraining Order

A temporary restraining order is an extraordinary measure of relief that a federal court

may impose without notice to the adverse party if, in an affidavit or verified complaint, the

movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The

purpose in issuing a temporary restraining order is to preserve the *status quo* pending a fuller

hearing.  The standard for issuing a temporary restraining order is essentially the same as that for

issuing a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d

832, 839 n.7 (9th Cir.2001) (stating that the analysis for temporary restraining orders and

1   preliminary injunctions is "substantially identical").

2          In order to prevail on a motion for injunctive relief, the moving party must demonstrate

3   that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the

4   absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief

5   sought is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

6   The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show

7   a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of

8   hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction,

9   so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the

10  injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127,

11  1135 (9th Cir. 2011).  Under either formulation of the principles, preliminary injunctive relief

12  should be denied if the probability of success on the merits is low.  Johnson v. California State

13  Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips

14  decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is

15  a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670,

16  675 (9th Cir. 1984))).

17          B.     The Court Lacks Jurisdiction

18          A district court has no authority to grant relief in the form of a temporary restraining order

19  or permanent injunction where it has no jurisdiction over the parties.  Ruhrgas AG v. Marathon

20  Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the

21  jurisdiction of a district . . . court, without which the court is powerless to proceed to an

22  adjudication.") (alteration in original) (citation and internal quotation omitted); Paccar Int'l, Inc.

23  v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating district

24  court's order granting preliminary injunction for lack of personal jurisdiction).  The complaint in

25  this case has yet to be served and even if it had been, none of the officers identified by plaintiff in

26  his motion for temporary restraining order have been named as defendants in this case.  Plaintiff

27  also provides no specific facts to show that these individuals were acting "in active concert or

28  participation" with defendants.  Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine

Research, Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation."). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Because the court lacks jurisdiction over the individuals against whom plaintiff seeks injunctive relief, the motion must be denied.

C.      Plaintiff's Request is Defective

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not provided the certification required by this rule, and as already addressed, the individuals identified by plaintiff are not defendants to this action and there is no indication they have been served with the motion. ECF No. 4. Moreover, though plaintiff has signed his documents under penalty of perjury, he has not alleged any specific facts to demonstrate the risk of immediate and irreparable injury. Id. He is also unable to show a likelihood of success on the merits because the claims contained in the motion, though similar in nature to those against defendant Sweis, are not before the court because they involve non-parties and took place during a completely different timeframe. Id. For these reasons, the motion for temporary restraining order must be denied.

D.      Conclusion

For the reasons set forth above, plaintiff's motion to be moved to another facility or for temporary restraining order shall be denied.

VIII.   Summary

Plaintiff's motion for leave to proceed in forma pauperis is granted.

Some of the allegations in plaintiff's complaint state claims against the defendants and

1    some do not.  Plaintiff's allegations that defendant Sweis assaulted him and retaliated against him

2    by searching his cell state and that defendants Bivens, Sadler, and Doe defendants failed to stop

3    defendant Sweis's assault state a claim.  The defendants will be required to respond to these

4    allegations.  The court will not order service on the Doe defendants until plaintiff identifies them

5    by name.  If plaintiff does not identify the Doe defendants by the time discovery ends, they will

6    be dismissed.

7         Plaintiff's claims against defendants Sweis and Gomez for using abusive language and

8    against defendant Gomez for retaliation do not state a claim.  The claims against Sweis and

9    Gomez do not state a claim because abusive language, without more, is not enough to be a

10   violation of plaintiff's constitutional rights.  However, since it looks like plaintiff may be trying to

11   claim that Sweis and Gomez treated him differently than other similarly situated inmates because

12   of his race and sexuality, he will have the option to amend the complaint to try to state an equal

13   protection claim.  The retaliation claim against Gomez also does not state a claim because

14   plaintiff alleged that Gomez's acted the way he did because of plaintiff's race, sexuality, and

15   history of assaulting staff.  He has not alleged that Gomez's actions were in response to plaintiff

16   participating in a protected activity, like filing a grievance or complaint.  Since plaintiff may be

17   able to allege additional facts that would show Gomez's actions were in retaliation for plaintiff

18   exercising his First Amendment rights, he will have the option to amend the complaint.

19        If plaintiff wants, he can either (1) proceed immediately on his claims against Sweis for

20   excessive use of force and retaliation and against defendants Bivens and Sadler for failure to

21   protect or (2) try to amend the complaint to state an equal protection claim against defendants

22   Sweis and Gomez and a retaliation claim against defendant Gomez.  If plaintiff wants to go

23   forward without amending the complaint, his potential equal protection claim against Sweis and

24   Gomez and his retaliation claim against Gomez will remain dismissed without prejudice.

25   Because none of the claims against defendant Gomez state a claim, this means that if plaintiff

26   does not amend, defendant Gomez will be dismissed from the case.  If plaintiff chooses to amend

27   his complaint, the amended complaint must include all of the claims plaintiff wants to make,

28   including the ones that have already been found to state a claim, because the court will not look at

12

the claims or information in the original complaint or any other documents plaintiff has already

filed.  In other words, any claims not in the amended complaint will not be considered.  Plaintiff

must complete the attached notification showing what he wants to do and return it to the court.

The motion for temporary restraining order or to be moved to another prison will be

denied because none of the people plaintiff wants a temporary restraining order against are

defendants and the claims are not related to the complaint so plaintiff cannot show a likelihood of

success on the merits.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 12) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3.  Plaintiff's motion to be moved to another institution or for a temporary restraining

order (ECF No. 4) is denied.

4.  All claims against defendant Gomez and the verbal harassment claim against defendant

Sweis are dismissed with leave to amend.

5.  Plaintiff has the option to proceed immediately on his claims for excessive use of force

and retaliation against defendant Sweis and for failure to protect against defendants Bivens and

Sadler or to amend the complaint.

6.  Within thirty days of service of this order, plaintiff shall complete and return the

attached form notifying the court whether he wants to proceed on the screened original complaint

or whether he wants to amend the complaint.

DATED: February 16, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DURRELL ANTHONY PUCKETT,              No.  2:15-cv-0602 AC P

12                  Plaintiff,

13          v.                             PLAINTIFF'S NOTICE ON HOW TO
                                           PROCEED
14   S. SWEIS, et al.,

15                  Defendants.

16

17        Check one:

18   _____ Plaintiff wants to proceed immediately on his First and Eighth Amendment claims against

19        defendants Sweis, Bivens, and Sadler without amending the complaint.  Plaintiff

20        understands that going forward without amending the complaint means that defendant

21        Gomez and any potential equal protection claim against defendant Sweis will remain

22        dismissed without prejudice.

23

24   _____ Plaintiff wants to amend the complaint.

25

26   DATED:_____

27                                    _____
                                      DURRELL ANTHONY PUCKETT
28                                    Plaintiff pro se

                                           1