UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No.  2:15-cv-0602 AC P |
| Plaintiff, | |
| v. | ORDER |
| S. SWEIS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to amend the complaint (ECF No. 18) and has filed a motion for issuance of a temporary restraining order (ECF No. 20).  Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 5.

I.   Motion to Amend

Plaintiff has filed a motion to amend the complaint and a first amended complaint.  ECF Nos. 17, 18.  In screening the original complaint, plaintiff was given the option to amend the complaint.  ECF No. 13.  Since plaintiff has already been given permission to amend the complaint, the motion to amend is denied as moot.

II.   Motion for a Temporary Restraining Order

Plaintiff has also filed a motion for a temporary restraining order.  In this motion, plaintiff

1  claims that he is not receiving appropriate mental health care and that he is in danger from gang
2  members who have already attempted to kill him on the orders of correctional staff.  ECF No. 20.
3  He requests that he be transferred out of segregated housing, be placed in a mental health unit,
4  and have no contact with a number of non-defendant officers.  Id.

5       A.     Standards for Issuance of a Temporary Restraining Order

6       A temporary restraining order is an extraordinary measure of relief that a federal court
7  may impose without notice to the adverse party if, in an affidavit or verified complaint, the
8  movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the
9  movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The
10 purpose in issuing a temporary restraining order is to preserve the *status quo* pending a fuller
11 hearing.  The standard for issuing a temporary restraining order is essentially the same as that for
12 issuing a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d
13 832, 839 n.7 (9th Cir.2001) (stating that the analysis for temporary restraining orders and
14 preliminary injunctions is "substantially identical").

15      In order to prevail on a motion for injunctive relief, the moving party must demonstrate
16 that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the
17 absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief
18 sought is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).
19 The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show
20 a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of
21 hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction,
22 so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the
23 injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127,
24 1135 (9th Cir. 2011).  Under either formulation of the principles, preliminary injunctive relief
25 should be denied if the probability of success on the merits is low.  Johnson v. California State
26 Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips
27 decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is
28 ////

a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Plaintiff cannot show any chance of success on the merits because the allegations and relief requested in his motion for a temporary restraining order are unrelated to the allegations in the first amended complaint.[1]

### B. The Court Lacks Jurisdiction

A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (alteration in original) (citation and internal quotation omitted); Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of personal jurisdiction).  As the court explained in denying plaintiff's previous request for a temporary restraining order, the complaint in this case has yet to be served and even if it had been, none of the officers identified by plaintiff in his motion for a temporary restraining order have been named as defendants in this case. ECF No. 13 at 10-11.  Plaintiff also provides no specific facts to show that these individuals were acting "in active concert or participation" with defendants. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.").  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).  Because the court lacks jurisdiction over the individuals against whom plaintiff seeks injunctive relief, the motion must be denied.

////

---

[1] The claims in the first amended complaint (and the original complaint) deal with an alleged excessive use of force in August 2014.

3

    C.    <u>Plaintiff's Request is Defective</u>

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not provided the certification required by this rule, and as already addressed, the individuals identified by plaintiff are not defendants to this action and there is no indication they have been served with the motion. ECF No. 20.

    D.    <u>Conclusion</u>

For the reasons set forth above, the motion for a temporary restraining order must be denied. However, in the motion plaintiff claims that he is receiving inadequate mental health care related to two recent suicide attempts and homicidal ideation towards staff. <u>Id.</u> He also alleges that he was the victim of an attempted stabbing by a Hispanic gang member and that he is still at risk. <u>Id.</u> Given the seriousness of plaintiff's claims, the court will order service of this order and the motion for a temporary restraining order on Deputy Attorney General Monica Anderson, who shall ensure that within twenty-four hours of receiving this order plaintiff's motion for a temporary restraining order is forwarded to the appropriate mental health and correctional staff at the institution where plaintiff is incarcerated. No response to the motion will be required. If plaintiff wants to pursue an action related to the claims in his motion for a temporary restraining order, he will need to initiate a new complaint in a separate action.

III.    <u>Summary</u>

The motion to amend the complaint is denied as unnecessary because the court has already given plaintiff leave to amend the complaint.

The motion for a temporary restraining order is denied because none of the people plaintiff wants a temporary restraining order against are defendants and the claims are not related to the complaint so plaintiff cannot show a likelihood of success on the merits. If plaintiff wants

4

to pursue the claims in his motion for a temporary restraining order, he will need to file a separate lawsuit.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint (ECF No. 18) is denied as moot.

2. Plaintiff's motion for a temporary restraining order (ECF No. 20) is denied.

3. The Clerk of the Court is directed to serve a copy of this order and the motion for a temporary restraining order (ECF No. 20) on Monica Anderson, Supervising Deputy Attorney General.

4. Within twenty-four hours of receiving this order, Deputy Attorney General Monica Anderson shall forward the motion for a temporary restraining order to the appropriate mental health and correctional staff at the institution where plaintiff is incarcerated. No response to the motion is required.

DATED: April 27, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE