UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL PUCKETT, | No. 2:15-cv-0602 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| S. SWEIS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendant's motion to compel (ECF No. 54), which plaintiff opposes (ECF No. 57). Defendants have also filed a motion to modify the scheduling order in light of the pending motion to compel. ECF No. 58.

I.    Factual Background

Defendant's first request for production, first set of interrogatories, and first set of requests for admission were served on plaintiff on August 29, 2018. ECF No. 54-1 at 11, 23, 32. Plaintiff's responses to the discovery requests were therefore due by October 16, 2018. ECF No. 51 at 4. When plaintiff did not respond, defendants' counsel sent a letter to him on October 22, 2018, regarding the past due discovery and providing plaintiff until October 30, 2018 to respond. ECF No. 54 at 3. When plaintiff failed to provide discovery responses, defendants filed their motion to compel on November 2, 2018. ECF No. 54.

II.    Motion to Compel

     A.    Standards Governing Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)), and to "narrow and clarify" the issues in dispute, Hickman, 329 U.S. at 501.

     B.    Requests for Production and Interrogatories

Where a party fails to answer an interrogatory submitted under Federal Rule of Civil Procedure 33, or fails to produce documents requested under Federal Rule of Civil Procedure 34, the party seeking discovery may move for compelled disclosure. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). The party seeking to compel discovery has the burden of showing that the discovery sought is relevant. Nugget v. Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (quoting Sorosky v. Burroughs Corp., 826 F.2d 794, 805 (9th Cir. 1987)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

Defendants' move to compel plaintiff to respond to requests for production and interrogatories. ECF No. 54. Plaintiff has opposed the motion. ECF No. 57. Plaintiff argues that he "did in fact fill out the discovery," and indicates that there was some issue in mailing out his responses. ECF No. 57. It appears that he placed the responses in the wrong outgoing mail

basket, but it is unclear whether that mistake resulted in the responses being delayed or not sent at all. Id. Regardless, plaintiff does not specify when the responses were mailed or placed in the outgoing mail basket. Id. As of January 9, 2019, when defendants moved to modify the scheduling order, they had not received plaintiff's discovery responses. ECF No. 58 at 3.

Even if the court accepts plaintiff's representation that he did attempt to mail responses to the defendants, plaintiff has not provided any evidence demonstrating that his responses would have been timely or that he attempted to re-send his responses once he learned that they had not been received. The requests for discovery appear to be reasonably related to the issues in this case (ECF No. 54-1 at 6-9, 15-21), and defendants' motion to compel will therefore be granted and plaintiff will be required to fully respond to the requests for production and interrogatories without objection. If plaintiff fails to comply with this order, he will be subject to sanctions that may range from exclusion of evidence all the way up to dismissal of the claims against defendants, depending upon the degree of non-compliance.

C.    Requests for Admission

The Federal Rules provide that the failure to timely respond to requests for admission results in the matters being automatically deemed admitted. Fed. R. Civ. P. 36(a)(3). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Plaintiff has not shown that he timely responded to the requests for admission (ECF No. 57), and the requests for admission will therefore be deemed admitted. The court declines to construe plaintiff's opposition as a motion to withdraw the admissions, as it fails to provide sufficient justification that would excuse the apparent failure to respond.

If plaintiff wants to withdraw his admissions, he will need to file a motion asking to withdraw the admissions and providing the responses he proposes to substitute. He is further advised that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

////

> The party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case. Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). The prejudice contemplated by 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay. Id. at 1349 (finding only inconvenience but not prejudice despite the moving party's contention that if the admission had been timely it would have been able to engage in more extensive trial preparation); see also 999 [v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985)] (finding prejudice when the motion was not made until the middle of trial when 999 had nearly rested its case and the record revealed that 999 had relied heavily on the admission and had even shown the admission to the jury).

Sonoda v. Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001).

Plaintiff will be given an opportunity to file a motion to withdraw. Failure to file such a motion within the time provided will result in the matters addressed by the requests for admission remaining admitted.

III. Defendants' Second Motion to Modify the Scheduling Order

Defendants have filed a motion requesting that the court amend its discovery cut-off date to allow more time to resolve discovery dispute and preserve defendants' ability to file any additional motions should plaintiff provide inadequate discovery responses under an order from this court. ECF Nos. 58. Good cause appearing, defendants' request will be granted and the discovery cut-off will be extended for the limited purpose of resolving any disputes regarding discovery that has already been propounded.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 54) is granted. Within twenty-one days of service of this order, plaintiff must fully respond to defendants' request for production and interrogatories without objection.

2. The matters contained in defendants' requests for admission are deemed admitted. Fed. R. Civ. P. 36(a)(3).

3. Plaintiff shall have twenty-one days from service of this order to file a motion to withdraw admissions that complies with the requirements set forth in this order. Failure to timely

file a motion to withdraw admissions will result in the matters addressed by the requests for admission remaining admitted.

4. Defendants' motion to modify the scheduling order (ECF No. 58) is granted.

5. The January 15, 2019 discovery deadline is extended to April 15, 2019, for the limited purpose of resolving the currently pending discovery matters and allowing defendants to file any necessary motions for sanctions in the event plaintiff does not comply with this order.

DATED: February 25, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE